## HONOMU SUGAR COMPANY *v.* A. SAYEWIZ.

## HONOMU SUGAR COMPANY *v.* NIKOLEG GZELUCH.

APPEALS FROM DISTRICT MAGISTRATE OF SOUTH HILO, ISLAND OF HAWAII.

SUBMITTED JANUARY 19, 1899.          DECIDED JUNE 8, 1899.

JUDD, C.J., WHITING, J., AND CIRCUIT JUDGE PERRY, IN PLACE OF FREAR, J., ABSENT.

Actions under the Masters and Servants Act are civil actions, and should be so entitled. *Coolidge v. Puaaiki*, 3 Haw. 814.

Certain provisions of the Constitution of the United States are not in force in Hawaii during the present transition period, to wit. Amendments V, VI, VII, VIII and XIII, and Article III, Section 2. See *Peacock & Co. v. Republic of Hawaii, ante* p. 27, and *Republic of Hawaii v. Edwards, ante* p. 55.

### OPINION OF THE COURT BY WHITING, J.

The defendants are laborers brought from Austria under contract to serve the Honomu Sugar Company, whose sugar plantation is situated in the district of Hilo, Island of Hawaii. Quitting their employment in September, 1898, and before the expiration of the period of three years which they had contracted to serve, they were arrested upon warrants issued by the District Magistrate of South Hilo, and tried and convicted upon the charge of deserting their contracts of service. Zeluch was sentenced to imprisonment at hard labor "until he should consent to return to his master and consent to serve according to law;" and Sayewiz was sentenced to pay a fine of five dollars and costs,

and to be imprisoned at hard labor until said fine and costs be paid.

The Masters and Servants Act, Section 1384, Penal Laws, is as follows:

"If any person lawfully bound to service shall willfully absent himself from such service, without the leave of his master, any district magistrate of the Republic, upon complaint made under oath by the master, or by any one on his behalf, may issue a warrant to apprehend such person and bring him before the said magistrate; and if the complaint shall be maintained, the magistrate shall order such offender to be restored to his master, and he shall be compelled to serve the remainder of the. time for which he originally contracted."

Section 1385, of the same Act, is as follows:

"If any such person shall refuse to serve according to the provisions of the last section, or the terms of his contract, his master may apply to any district magistrate where he may reside, who shall be authorized by warrant or otherwise, to send for the person so refusing, and if such refusal be persisted in, to commit such person to prison, there to remain at hard labor until he will consent to serve according to law. And in case such person so bound as aforesaid, shall have returned to the service of such master in obedience to such order of such magistrate, and shall again willfully absent himself from such service without the leave of his master, such district magistrate may fine such offender for the first offense not exceeding five dollars, and for the second offense not exceeding ten dollars; and in default of payment thereof, such offender shall be imprisoned at hard labor until such fine is paid; and for every subsequent offense thereafter the offender shall be imprisoned at hard labor not exceeding three months, and at the expiration of any such imprisonment such magistrate shall order such offender to be restored to his master to serve for the remainder of such original term of service."

The defendants appealed on points of law; in the Sayewiz case, as certified to us, "that the proceedings, arrest, trial and judgment are contrary to the Constitution of the United States, and that Sections 1384 and 1385 (Penal Laws of Hawaii), under which these proceedings are had, are contrary to the Constitution

of the United States;" and in the Zeluch case, "whether or not
the proceedings had in this case are in conflict with the Consti-
tution of the United States and therefore void, and whether
Sections 1384 and 1385 of the Penal Laws of 1897 are contrary
to the Constitution of the United States and therefore void."

These are the only points certified up by the district magis-
trate. The defendants claim that the proceedings and the law
under which they were charged and convicted are contrary to
the provisions of the Constitution of the United States in that—

1. The masters and servants law directly contravenes the
XIIIth Amendment to the Constitution of the United States
which provides that "neither slavery nor involuntary servitude,
except as a punishment for crime, whereof the party shall have
been duly convicted, shall exist within the United States, or
any place subject to its jurisdiction."

2. The offense comes within the provisions of Article V,
Amendments to the Constitution of the United States, requir-
ing a presentment or indictment by a grand jury.

3. The law under which defendants are imprisoned denies to
them the right of trial by jury (in the first instance) and to that
extent the protection of the Federal Constitution. Article III,
Section 2, and the Vth, VIth and VIIth Amendments.

4. The Masters and Servants Act makes imprisonment for
life a possible punishment for violating its provisions in con-
travention of Article VIII of the Federal Constitution.

The decisions rendered in the cases of *Peacock & Co. v. Re-
public of Hawaii, ante,* p. 27, *Republic of Hawaii v. Edwards,
ante,* p. 55, and *Hawaiian Star Newspaper v. Saylor, ante,* p.
64, apply to these cases and practically determine the point that
the provisions of the Constitution of the United States above
cited are not in force here during the present transition period.

The defendants further claim that the prosecution should
have been in the name of the Republic of Hawaii under Sec-
tion 3, Article 92, Constitution of the Republic of Hawaii, which
provides that "all criminal and penal proceedings arising or now

depending within the limits of the Hawaiian Islands, shall be prosecuted to final judgment and execution in the name of the Republic of Hawaii. * * * The style of all processes shall be 'The Republic of Hawaii,' and all prosecutions shall be carried on in the name and by authority of the Republic of Hawaii."

We are of the opinion that this section does not apply to cases of this nature, and does not change the decision in the case of *Coolidge v. Puaaiki,* 3 Haw. 814, where it was held that suits of this character are civil actions and should be so entitled; "and in no respect do they fall within the duties of the public prosecutor." Affirmed in the *Honomu Sugar Co. v. Sayewiz, and Zeluch* cases decided September Term, 1898.

The appeals are dismissed and judgments affirmed.

*Kinney, Ballou & McClanahan,* for plaintiff.

*Hitchcock & Smith, Monsarrat & Weber,* for defendants.